IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Plunderbund Media, L.L.C.**<br>An Ohio Limited Liability Company<br>Post Office Box 20122<br>Columbus, Ohio 43220<br><br>and<br><br>**John Michael Spinelli**<br>97 Southwind Drive<br>Gahanna, Ohio 43230<br><br>and<br><br>**The Portage County TEA Party, Inc.,**<br>A Not for Profit Ohio Corporation<br>4682 State Route 43<br>Kent, Ohio 44240<br><br>Plaintiffs,<br><br>– vs –<br><br>**Mike DeWine**, Sued in His Official Capacity as Ohio Attorney General<br>30 E. Broad St., 14th Floor<br>Columbus, OH 43215<br><br>and<br><br>**Victor Vigluicci**, Sued in His Official Capacity as the Prosecuting Attorney for Portage County, Ohio<br>241 South Chestnut Street No. 1<br>Ravenna, OH 44266<br><br>and<br><br>**Ron O'Brien**, Sued in His Official Capacity as the Prosecuting Attorney for Franklin County, Ohio<br>373 South High Street 14th Floor<br>Columbus, Ohio 43215<br><br>Defendants. | Case No.<br><br><br><br>Judge:<br><br><br><br><br><br>Magistrate Judge<br><br><br><br><br><br><br><br>Complaint for Preliminary & Permanent Injunction, Declaratory Judgment, Attorney Fees and Costs |

– INTRODUCTION –

1. Plaintiffs are online publishers and a membership organization of political activists who routinely engage in constitutionally protected – if provocative – online speech and who reside in, publish from or have their principal place of business in Portage and Franklin Counties, Ohio.

2. Plaintiffs seek to contest, on First and Fourteenth Amendment grounds, the constitutionality of a recently enacted Ohio statute which purports to criminalize constitutionally protected political and other expression on the Internet. Revised Code § 2917.21(B)(2), which became effective August 16, 2016 ("the statute"), provides in relevant part:

> No person shall knowingly post a text or audio statement or an image on an internet web site or web page for the purpose of abusing, threatening or harassing another person.

Plaintiffs sue to contest the constitutionality only of the prohibitions against abusing and harassing speech, and do not contest the prohibition on threatening expression.

3. To the extent it can be read to prohibit abusing and harassing speech – said to the public **about** a person, rather than directly **to** that person – in the same manner as Section 2917.21(B)(2) Plaintiffs also contest, on First And Fourteenth Amendment grounds, Revised Code § 2917.21(B)(1), which provides:

> No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person.

– PARTIES –

4. Plaintiff **Plunderbund Media L.L.C.** ("Plunderbund") is an Ohio corporation with its principal place of business in Columbus, Franklin County, Ohio, that publishes an internet web log ("blog") under the name of Plunderbund, focusing on Ohio and national politics. While its articles are carefully researched and factual, Plunderbund uses humor and ridicule to make its rhetorical points.

5. Plaintiff **John Michael Spinelli** ("Spinelli") is a natural person at all relevant times residing in Gahanna, Franklin County, Ohio. Spinelli is an author for Plunderbund and publishes articles through that blog which, while factual and carefully researched, also use humor and ridicule to make rhetorical points. Spinelli has been a journalist and reporter for more than fifteen years and in that time has written thousands of articles about people, politics and government both in Ohio and nationwide.

6. Plaintiff the **Portage County TEA Party** is a not for profit Ohio corporation with members in Portage County, Ohio, which appears in an institutional capacity herein to assert and protect the rights of its members who are political activists and commentators and frequently engage in robust online discussion of local, state and national politics.

7. Defendant **Michael DeWine** is and all times relevant was the Attorney General of Ohio, and is, pursuant to Revised Code § 109.02 the chief law enforcement officer of the State of Ohio, empowered to prosecute persons indicted of any crime upon the request of the governor, and otherwise charged with representing the state in civil and criminal matters. He is sued here in his official capacity for purposes of obtaining equitable relief.

8. Defendant **Victor Vigluicci** is and all times relevant was the Prosecuting Attorney in and for Portage County, Ohio, elected pursuant to Revised Code § 309.01, and empowered and authorized, pursuant to Revised Code § 309.08(A) to investigate and to prosecute all crimes within that County in the name of the State. He is sued here in his official capacity for purposes of obtaining equitable relief.

9. Defendant **Ron O'Brien** is and all times relevant was the Prosecuting Attorney in and for Franklin County, Ohio, elected pursuant to Revised Code § 309.01, and empowered and authorized, pursuant to Revised Code § 309.08(A) to investigate and to prosecute all crimes within

that County in the name of the State. He is sued here in his official capacity for purposes of obtaining equitable relief.

10. The Defendants, and each of them, at all times herein were and are authorized and empowered to enforce the statute contested herein under color and authority of state law.

11. The statute contested herein represents, and at all times relevant did represent the official policy, practice, custom and usage of the State of Ohio with respect to the subject matter thereof.

– JURISDICTION AND VENUE –

12. Jurisdiction is properly vested in this Court pursuant to 28 U.S.C § 1331, in that this case presents a federal question, pursuant to 28 U.S.C § 1343(a)(3), in that it seeks to secure and to redress the deprivation of rights secured by the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C § 1983, in that it seeks to secure and redress the deprivation of those rights under color and authority of state law, pursuant to 28 U.S.C § 2201, in that it seeks declaratory relief and pursuant to 28 U.S.C § 2202, in that it seeks injunctive relief in favor of rights secured by the Constitution and laws of the United States.

13. Venue is proper in this Court pursuant to 28 U.S.C § 1391(b)(1), in that one of the Defendants resides in this district and all the Defendants reside within this state.

– FACTS COMMON TO ALL CLAIMS –

14. Plaintiffs are online authors and publishers who write, or whose members write and disseminate through the Internet, articles and opinion pieces regarding politics generally and Ohio politics specifically, which articles from time to time include invective, ridicule and strong language intended to mock, lampoon or call into question the actions, motives and public policy positions of various figures – including without limitation politicians, and the incumbents in and contenders for various public offices.

15. These articles and opinions put the Plaintiffs at a credible risk of criminal prosecution under Section 2917.21(B)(2) – as when they condemn, sharply criticize or mock government officials and other public figures – should police or prosecutors believe their posts were written with the purpose of abuse or harassment.

16. Plaintiffs and their members and authors, reasonably fear that the material which they publish will expose them to prosecution and/or the threat of prosecution under Section 2917.21(B)(2), and have been subjectively chilled as to the content of their publications as a result.

17. Plaintiffs and their members and authors, wish to engage in constitutionally protected political expression – including expression which might be considered abusing to or harassment of the subjects about whom they write – without fear of criminal prosecution. Plaintiffs do not object to or contest that portion of Section 2917.21(B)(2) which prohibits threatening expression.

18. Plaintiffs likewise contest Revised Code § 2917.21 (B)(1), which prohibits using or permitting the use of a telecommunications device for the purposes criminalized in Section 2917.21(B)(2), to the extent it prohibits abusive or harassing speech published online.

19. Revised Code § 2917.21(F) exempts from prosecution under Section 2917.21 persons who are "employed" or "contracted" by the mainstream media, but Plaintiffs do not fall within the ambit of that exception.

20. Pursuant to Revised Code § 2917.21(C)(2), violation of the statute is a misdemeanor of the first degree upon a first offense, and a felony of the fifth degree upon any subsequent offense. In Ohio, misdemeanors of the first degree are punishable by a fine of up to One Thousand Dollars ($1,000.00) and incarceration of no more than six months. Felonies of the fifth degree are punishable by incarceration of six, seven, eight, nine, ten, eleven or twelve months, and a fine not to exceed Two Thousand Five Hundred Dollars ($2,5000.00).

– C*ount* O*ne* –

21. Plaintiffs, and each of them, restate as if fully rewritten here each and every averment set forth in Paragraphs 1 through 20 of this Complaint, above.

22. On its face, Section 2917.21(B)(2) criminalizes expression based upon the content of the expression in question, notwithstanding that the government generally "has no power to restrict expression because of its message, its ideas, its subject matter or its content." *Reed v. Town of Gilbert*, 135 S.Ct. 2218, 2226 (2015).

22. On its face, Section 2917.21(B)(2) criminalizes expression based upon the purpose of the expression in question, making it an offense to publish material online "for the purpose of abusing, threatening, or harassing another person." Restrictions which define regulated speech by its function or purpose are content based. Under Section 2917.21(B)(2), any online expression published with the intent to abuse or harass another person is proscribed and subject to prosecution, making the restriction content based.

23. Plaintiffs do not object to preserving that portion of the quoted subsection which prohibits posting online for the purposes of threatening another person, but sue to contest that portion which forbids posting online for the purpose of abusing or harassing another person.

24. On its face, Section 2917.21(B)(2) is not limited to libel, threats or other forms of expression that may be lawfully curtailed or punished consistent with the First Amendment. Nor is it limited to harassing speech directed **to** an unwilling listener, like traditional telephone harassment laws. Rather, Section 2917.21(B)(2) criminalizes speech **about** an unwilling subject. Attempts to block from public dissemination the flow of information regarding an unwilling subject violates the First Amendment. *Organization for a Better Austin v. Keefe*, 403 U.S. 415, 420 (1971).

25. The terms "abusing" and "harassing" are not defined by the statute. Ohio courts interpreted "abuse" as a synonym for "mistreat," and have interpreted "harass" as meaning "to annoy or torment repeatedly and persistently." *State v. Dennis*, No. 1-97-42, 1997 WL 691448 at * 2 (Unreported App. Oct. 30., 1997) (reading "purpose of being abusive, threatening, annoying, or harassing" as meaning a "purpose to mistreat another person, to express a threat to another person, to irritate another, or to persistently torment"); *State v. Dart*, No. 23955, 2010 WL 4703406, * 4 (Ohio Ct. App. Nov. 19, 2010) (defining "harass").

26. As a result, even public criticisms of government officials could, under the contested statute, be subject to criminal prosecution and punishment if they are seen as intended "to mistreat" or to persistently annoy.

27. As a content-based restriction on speech, Section 2917.21(B)(2) is "presumptively unconstitutional" unless it both furthers a compelling governmental interest and is narrowly tailored to do so. *Reed*, 135 S.Ct. at 2226-27. Section 2917.21(B)(2) serves no compelling governmental interest, nor is it narrowly tailored to serve any legitimate state interest.

28. Section 2917.21(B)(2) restricts substantially more protected speech than is necessary to serve any legitimate governmental interest, much less any compelling governmental interest, and the Plaintiffs, and each of them, are accordingly entitled to a declaration that the contested statute violates the First Amendment to the United States Constitution, as incorporated against the states by the Fourteenth Amendment.

– COUNT TWO –

29. Plaintiffs, and each of them, restate as if fully rewritten here each and every averment set forth in Paragraphs 1 through 27 of this Complaint, above.

30. Plaintiffs, and each of them, have been both subjectively and reasonably chilled in the exercise of their right to engage in political speech under the First Amendment to the United States Constitution in that they have refrained, and unless Section 2917.21(B)(2) is declared unconstitutional and its enforcement is enjoined, will continue to refrain from publishing certain political commentary for fear of prosecution.

31. The chilling and restriction of their First Amendment rights constitute forms of irreparable harm for which the Plaintiffs have no adequate remedy at law.

32. The state has no legitimate or constitutionally cognizable interest in the enforcement of an unconstitutional statutes, and the Plaintiffs, and each of them, have a compelling interest in the free exercise of their constitutional rights. The balance of equities accordingly favors the enjoining the enforcement of the contested statute.

33. Public policy strongly favors the protection of First Amendment freedoms and the invalidation of statutes which unlawfully restrict them.

34. The Plaintiffs have a substantial likelihood of success on the merits of their claims.

35. Wherefore, Plaintiffs are entitled to a preliminary and permanent injunction enjoining the Defendants from enforcing Section 2917.21(B)(2).

– **PRAYER** –

**WHEREFORE**, having stated their claims against the Defendants, these Plaintiffs, and each of them, hereby demand judgment against the Defendants, and each of them, as follows:

   A. Upon Count I of this Complaint, a Declaration that Section 2917.21(B)(2) is unconstitutionally overbroad, in violation of the First Amendment to the United States Constitution, as made applicable to the states through the Fourteenth Amendment, and that Section 2917.21 (B)(1) is likewise invalid to the extent that it prohibits the same expression, and to the extent it works as a similar prohibition, a similar declaration as to Section 2917.21(B)(1);

B.  Upon Count II of this Complaint, a preliminary injunction and permanent injunction enjoining the Defendants, and each of them, and all those acting for, with or in active concert with them, after notice of such injunction, from enforcing Section 2917.21(B)(1) and (2);

C.  Upon each Count of this Complaint, an award of attorney fees and costs of suit pursuant to 42 U.S.C § 1988 and Civil Rule 54(D);

D.  Upon each Count of this Complaint, such other relief, be it legal or equitable, and the Court in the sound exercise of its discretion, deems just.

Respectfully submitted,

/s/ Raymond V. Vasvari, Jr.

**RAYMOND V. VASVARI, JR.**
 Ohio Bar No. 0055538
VASVARI & ZIMMERMAN
1301 East Ninth Street
1100 Erieview Tower
Cleveland, Ohio 44114-1844
Telephone | 216.458.5880
Email | vasvari@vasvarilaw.com
Telecopier | 216.928.0016

**EUGENE VOLOKH \***
California Bar No. 194464
SCOTT & CYAN BANISTER
  FIRST AMENDMENT CLINIC
UCLA School of Law
405 Hilgard Avenue
Los Angeles, California 90095
Telephone (310) 206-3926
volokh@law.ucla.edu

\*Application for Admission
 Pro Hac Vice Pending