# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO, EASTERN DIVISION (Akron)

| | |
|---|---|
| PLUNDERBUND MEDIA L.L.C., *et al.*, | : |
| Plaintiffs, | : Case No. 5:17cv01027 |
| v. | : JUDGE SARA LIOI |
| OHIO ATTORNEY GENERAL MIKE DEWINE, *et al.*, | : |
| Defendants. | : |

## MOTION TO DISMISS OF DEFENDANTS OHIO ATTORNEY GENERAL MIKE DEWINE, FRANKLIN COUNTY PROSECUTOR RON O'BRIEN AND PORTAGE COUNTY PROSECUTOR VICTOR VIGLUICCI

Defendants move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), to dismiss Plaintiffs' Complaint because Plaintiffs do not have standing. Plaintiffs do not allege an actual prosecution for political speech, or the threat of any prosecution. And the law that they challenge does not even reach political speech or criticism of government officials.

A memorandum supporting this motion follows.

                      Respectfully submitted,

                      MIKE DEWINE
                      Ohio Attorney General

                      *s/ Steven T. Voigt*
                      STEVEN T. VOIGT (0092879)
                      Principal Assistant Attorney General
                      ZACHERY P. KELLER (0086930)
                      Associate Assistant Attorney General
                      Constitutional Offices Section
                      30 East Broad Street, 16th Floor
                      Columbus, Ohio 43215
                      Tel: (614) 466-2872; Fax: (614) 728-7592
                      steven.voigt@ohioattorneygeneral.gov
                      zachery.keller@ohioattorneygeneral.gov

                      *Counsel for Defendant*
                      *Ohio Attorney General Mike DeWine*

*Additional Counsel Signature Blocks on Following Page*

*s/ Nick A. Soulas, Jr. (consent)*
NICK A. SOULAS, JR. (0062166)
Office of the Prosecuting Attorney
Franklin County
373 South High Street, 14th Floor
Columbus, Ohio 43215
Tel: 614-525-3520 | Fax: 614-525-6012
nasoulas@franklincountyohio.gov

*Counsel for Defendant Franklin County Prosecutor Ron O'Brien*

*s/ Denise L. Smith (consent)*
DENISE L. SMITH (0017811)
Office of the Prosecuting Attorney
Portage County
241 South Chestnut Street
Ravenna, OH 44266
Tel: 330-297-3850 | Fax: 330-297-4594
dsmith@portageco.com

*Counsel for Defendant Portage County Prosecutor Victor Vigluicci*

**MEMORANDUM IN SUPPORT**

I.   **INTRODUCTION**

Ohio's cyber-harassment law does not reach expression of political views or criticism of government officials. Plaintiffs do not face prosecution, or the threat of prosecution. They lack standing. Their Complaint should be dismissed.

Plaintiffs challenge an Ohio cyber-harassment law that took effect more than nine months ago. The challenged law went into effect in August 2016, and was already in place during a competitive presidential election. The law prohibits internet use that is specifically intended to abuse, threaten, or harass a victim. That legislation amended a longstanding statute with nearly identical language—*i.e.*, "with purpose to abuse, threaten, or harass another person"—except the statute previously prohibited such conduct using "telecommunications devices." Ohio courts have consistently construed that statute as prohibiting only intentionally harassing conduct that lacks a non-harassing purpose. No court has held that it encompasses political discourse.

Plaintiffs speculate that the challenged law will be used to prosecute political speech and criticism of government officials. But Plaintiffs do not cite any example of the challenged law (or of the thirty-five-year-old telecommunication statute) ever being used to prosecute political speech or criticism. They do not claim they have been prosecuted. They do not claim that they have ever been threatened with any prosecution. They offer nothing to objectively suggest such prosecution is soon (or ever) to come.

Plaintiffs claim a hypothetical, someday, maybe prosecution. That is not enough. Under well-settled First Amendment jurisprudence, conjecture is not an actual injury. And here, Plaintiffs' conjecture is even more unrealistic considering that Ohio courts do not apply and have never applied the challenged language to political speech, or to any conduct with a non-harassing purpose. Courts instead require proof of a specific criminal intent to harass, threaten, or abuse.

1

The statute has been used to punish criminal behavior, such as death threats and domestic abuse. Political speech is not covered by the law and is not at risk.

Plaintiffs' claim of a potential prosecution based on political speech is implausible.

## II. STATEMENT OF THE CASE

This case is about a cyber-harassment law, which has been in place for over nine months, that prohibits purposeful abuse, threats, or harassment using the internet. The law states that "No person shall knowingly post a text or audio statement or an image on an internet web site or web page for the purpose of abusing, threatening, or harassing another person." R.C. 2917.21(B)(2). Plaintiffs, who include Plunderbund Media and the Portage County TEA Party, mistakenly contend that the law criminalizes online political speech and that they could be prosecuted for criticizing government officials. Compl. ¶¶ 14-15.

The challenged law is part of a thirty-five-year-old statute that prohibits harassment using a telephone. That statute originally said, "No person, with purpose to harass another, shall make a telephone call to such other person without purpose of legitimate communication." R.C. 2917.21(B) (1972). In 1999, the General Assembly amended that statute, replacing "telephone call" with "telecommunication": "No person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person."[1] R.C. 2917.21(B) (1999).

According to the Complaint, "Plaintiffs are online authors and publishers who write, or whose members write and disseminate through the Internet, articles and opinion pieces regarding

---

[1] At that time, the General Assembly also removed the term "annoy" from the statute, limiting the prohibited conduct to telecommunications made "with purpose to abuse, threaten, or harass another person." Am. Sub. H.B. 565 (1998),147 Ohio Laws, Part II, 4509-12.

politics generally and Ohio politics specifically . . . ." Compl. ¶ 14. Plaintiffs allege the challenged law "put[s] [them] at a credible risk of criminal prosecution . . . when they condemn, sharply criticize or mock government officials and other public figures . . . ." *Id*. at ¶ 15.

Plaintiffs seek a declaration that the challenged law is overbroad and an injunction against its enforcement. *Id*. at Prayer. They do not allege that they have been prosecuted. Nor do they allege that anyone has threatened prosecution. And, while they claim they have "refrain[ed] from publishing certain political commentary for fear of prosecution," *id*. at ¶ 30, Plaintiffs fail to identify any specific conduct they have not undertaken.

## III. LEGAL ARGUMENT

Plaintiffs' Complaint fails and Plaintiffs do not have standing because (1) their allegations are speculative, (2) Ohio courts have never interpreted the language in the challenged law to reach political speech or criticism of government officials, and (3) arguing that a law "chills" speech is insufficient to establish standing.

### A. The Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), a complaint can be dismissed for "lack of subject-matter jurisdiction" or a failure "to state a claim upon which relief can be granted." A court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The court need not, however, accept legal conclusion, opinion, or deduction, even if it is couched as a factual allegation. *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956), *cert. denied*, 352 U.S. 870 (1956). Unsupported conclusions of law are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

Also, under the canon of constitutional avoidance, courts interpret statutes in a manner that avoids constitutional questions. *See Davet v. Cleveland*, 456 F.3d 549, 554-55 (6th Cir.

2006). In Ohio, "enactments of the General Assembly are presumed to be constitutional" and "[i]t is also a well-settled principle of statutory construction that where constitutional questions are raised, courts will liberally construe a statute to save it from constitutional infirmities." *State v. Sinito*, 43 Ohio St.2d 98, 101, 330 N.E.2d 896 (Ohio 1975).

### B. Plaintiffs do not have Standing

Fundamental to any free-speech claim, a plaintiff needs to initially establish an actual "credible threat of prosecution" of protected speech. *McKay v. Federspiel*, 823 F.3d 862, 868 (6th Cir. 2016) (quotations omitted). This is required to satisfy the "injury in fact" requirement of Article III standing. Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Constitution, Art. III, §2. And, among the "irreducible minimum" for constitutional standing is proof of a "concrete and particularized" injury that is "actual or imminent, not conjectural or hypothetical." *Midwest Media Property, LLC v. Symmes Township*, 503 F.3d 456, 461 (6th Cir. 2007) (quotations omitted). This proof of "concrete harm or the threat of such harm" avoids "conferring standing by way of guesswork." *Morrison v. Board of Educ. of Boyd County*, 521 F.3d 602, 608 (6th Cir. 2008).

#### 1. Speculation is Insufficient for Standing

Plaintiffs complain only of speculative, perhaps-some-day prosecution. They do not claim that they have been prosecuted under the challenged law. They do not say they have received any warning letters or threats of prosecution. And they do not cite to any instance where the challenged law has been used to prosecute anyone's political speech.

The specter of hypothetical prosecution is insufficient for standing. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992). Nor does a genuine threat

exist simply because a law is on the books. *Poe v. Ullman*, 367 U.S. 497, 507 (1961) (plurality). "A party must show a more immediate threat than the unsurprising proposition that the government generally tends to enforce its laws." *Adult Video Ass'n v. U.S. Dep't of Justice*, 71 F.3d 563, 566 (6th Cir. 1995).

Instead of speculation, a free-speech plaintiff needs to present evidence of an actual threat of prosecution. *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 835 (6th Cir. 2001). Or, at minimum, a plaintiff needs to point to "statements or actions . . . that would indicate that the government intends to prosecute" a particular type of action. *Adult Video*, 71 F.3d at 567. Such "a credible threat of prosecution" can be established by "some combination of the following factors: (1) a history of past enforcement against the plaintiffs or others, . . . (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct, . . . and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action . . . ." *McKay*, 823 F.3d at 869 (citations omitted). Plaintiffs have not pled any of these factors.

Plaintiffs have not established an actual or imminent prosecution. They fail to allege any facts that allow for a reasonable conclusion that anyone will prosecute them under the challenged law. Their Complaint is conjecture.

### 2. Ohio has not and cannot Prosecute Political Speech under the Challenged Law or its Predecessor Statute

The challenged law amended a years-old statute that prohibits purposeful abuse, threats, or harassment using any telecommunication device. *See* R.C. 2917.21(B)(1). The statute and the amendment challenged here both contain the same purposeful-harassment language. Ohio courts have consistently held that this language relates solely to intentional harassment, abuse, or threats that completely lack any non-harassment purpose. The only difference is that the

challenged amendment addresses internet postings whereas the statute previously encompassed "telecommunication devices."[2]

Ohio's long-standing interpretation of the phrase "with purpose to abuse, threaten, or harass" controls the challenged law's application. The "normal rule of statutory construction [is] that identical words used in different parts of the same act are intended to have the same meaning." *Sullivan v. Stroop*, 496 U.S. 478, 484-85 (1990) (quotations omitted). Important for this proceeding,[3] federal courts "defer[] to a state court's interpretation of its own laws." *Bates v. Warden, Chillicothe Correctional Institution*, Case No. 2:14-cv-01325, 2015 WL 5299454, at *8 n. 3 (S.D. Ohio Sept. 10, 2015).

State courts have consistently applied Ohio's telecommunications statute in ways that nullify Plaintiffs' mistaken conjecture about political-speech prosecutions.

---

[2] The challenged law is a natural evolution of the predecessor telecommunication statute and responds to the prevalence of computers and interacting using the internet. Notably, however, the challenged law may not greatly expand the prior law. "Telecommunications device" is defined in Ohio statutes as "any instrument, equipment, machine, or other device that facilitates telecommunication, including, but not limited to, a computer, computer network, computer chip, computer circuit, scanner, telephone, cellular telephone, pager, personal communications device, transponder, receiver, radio, modem, or device that enables the use of a modem." R.C. 2913.01(Y). "Telecommunication" is defined as "the origination, emission, dissemination, transmission, or reception of data, images, signals, sounds, or other intelligence or equivalence of intelligence of any nature over any communications system by any method, including, but not limited to, a fiber optic, electronic, magnetic, optical, digital, or analog method." R.C. 2913.01(X).

[3] Ohio courts have rejected vagueness and overbreadth challenges against the telecommunications statute. *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, 2015 WL 1255845, ¶¶ 32-38; *State v. Dennis*, 3rd Dist. Allen No. 1-97-42, 1997 WL 691448, at *2 (Oct. 30, 1997); *State v. Rettig*, 3rd Dist. Henry Nos. 7-91-14, 7-91-15, 1992 WL 19326, at **1-2 (Feb. 3, 1992); *Akron v. Hawthorne*, 9th Dist. Summit No. 13670, 1989 WL 10333, at *1 (Feb. 8, 1989)).

6

### a. Ohio courts require a specific intent to abuse, threaten, or harass and mere knowledge that someone may feel harassed is insufficient

Proof of "purpose," *i.e.*, "specific intent[]," is required under the telecommunications statute. *See State v. Harshbarger*, 3rd Dist. Auglaize No. 2-09-19, 2010-Ohio-4413, 2010 WL 3636239, ¶ 13 (Sept. 20, 2010). "The burden is not met by establishing only that the defendant knew or should have known that her conduct would probably cause harassment." *State v. Ellison*, 178 Ohio App.3d 734, 738, 2008-Ohio-5282, 900 N.E.2d 228, ¶ 15 (1st Dist.).

The recipient's state of mind is "largely irrelevant." *State v. Dennis*, 3rd Dist. Allen No. 1-97-42, 1997 WL 691448, at *3 (Oct. 30, 1997). Instead, "The critical inquiry of telecommunications harassment is not whether the person who received the call was in fact threatened, harassed or annoyed by the call, but rather whether the purpose of the person who made the call was to abuse, threaten or harass the person called." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, 2015 WL 1255845, ¶ 15; *see also State v. Patel*, 7th Dist. Belmont No. 03 BE 41, 2004-Ohio-1553, 2004 WL 614986, ¶ 7 ("[T]he purpose of the person who made the call is at the heart of the offense.").

Like the telecommunications statute which it amends, the challenged law also requires purposeful, targeted action—"*for the purpose of* abusing, threatening, or harassing another person." R.C. 2917.21(B)(2) (emphasis added). The same proof-of-intent requirement, therefore, is present here.

### b. The law is a restriction on conduct, not speech

The predecessor telecommunications statute is also narrow because it does not focus on "the content of the speech." *Akron v. Hawthorne*, 9th Dist. Summit No. 13670, 1989 WL 10333, at *1 (Feb. 8, 1989). It is "not directed at the restriction of the communication of ideas." *Id*. It is a restriction of "conduct," not speech. *Dennis*, 1997 WL 691448, at *2; *Hawthorne*, 1989 WL

7

10333, at *1. Indeed, it is "aimed at the regulation of specific conduct—the making of a telephone call with the purpose to harass, abuse, or annoy another." *Hawthorne*, 1989 WL 10333, at *1.

Like the telecommunications statute, the challenged law is directed at *conduct*—harassment, abuse, and threats. It is not concerned with the content of speech.

### c. The law is concerned with criminal conduct, not speech with a non-harassing purpose

The telecommunications statute does not sweep into conduct having a legitimate purpose. *Harshbarger*, 2010-Ohio-4413, at ¶¶ 17-19, 22. It is intended to stop "criminal conduct, not the expression of offensive speech." *Ellison*, 178 Ohio.App.3d 734, ¶ 15; *State v. Klingel*, 9th Dist. Lorain No. 15CA010876, 2017-Ohio-1183, — N.E.3d —, 2017 WL 1235273, ¶19 (applying the statute to death threats against law enforcement posted on Facebook). Where there is any purpose broader than intentional harassment—as would exist with political discourse and criticism of government officials—the law does not apply. *See, e.g., State v. Pleatman*, 1st Dist. Hamilton No. C-160234, 2016-Ohio-7659, 2016 WL 6635323, ¶13 (there is no "intent to harass" when there is "a legitimate reason for posting [a] message").

The statute does not make telemarketing illegal. *Dennis*, 1997 WL 691448, at *3. Warning others about what one person believed to be criminal behavior, even though it was based on unsubstantiated rumor, is not actionable. *Ellison*, 178 Ohio App.3d 734, ¶ 16.

Nor does the statute capture conduct merely because the conduct is distasteful or "offensive." *Id*. at ¶ 15. Thus, a "reprehensible" voicemail with "profanity" and "name calling", but without the intent to harass, would not qualify. *Patel*, 2004-Ohio-1553, ¶ 48. Nor would an accusation of molestation posted on MySpace, if the post was not made with the intent to harass. *Ellison*, 178 Ohio App.3d 734, ¶ 8.

8

####  d.     The conduct must be directed to the victim

Ohio courts have also narrowly applied the telecommunications statute to egregious, intentional conduct that is "directed" to the victim. *Id.* at ¶ 16. For instance, in *State v. Dobrovich*, 7th Dist. Belmont No. 04 BE 10, 2005-Ohio-1441, 2005 WL 704876, the court applied the telecommunications statute to harassing voice messages. There, the defendant left numerous "foul," "vulgar," and "threatening" voicemails on his former girlfriend's answering machine. *Id.* at ¶¶ 5, 27. The victim testified that she told the defendant "between fifty and one hundred times to stop calling her on the phone," but the defendant persisted with his threats. *Id.* at ¶ 5.

In *State v. Pariscoff*, 10th Dist. Franklin No. 09AP-848, 2010 -Ohio- 2070, 2010 WL 1881997, at ¶¶ 14-17, the court applied the statute to abusive phone calls and messages that an individual left for his former girlfriend. He told her, "[y]ou better hide, I'm on my way to come and get you, you bitch." *Id.* at ¶ 4. He also threatened, "[y]ou better hide real well, bitch, because I'm coming after you. They just fired me and I'm on my way." *Id.*

A court also applied the statute in *State v. Baron*, 8th Dist. Cuyahoga No. 81914, 2003-Ohio-5376, 2003 WL 22305219 to harassment of city officials. The defendant called city workers approximately 25 times during a one-hour span. *Id.* at ¶ 18. The calls were irate and abusive. *Id.* at ¶ 9. In one call, the defendant said "he was going to put a hurt on" an animal control officer. *Id.* at ¶ 11. In another call, the defendant said "he was going to take [the officer's] life." *Id.* at ¶ 12.

Finally, in cases involving public internet posts, Ohio courts have still *additionally* required that the conduct be targeted at the victim. *Compare Ellison*, 178 Ohio App.3d 734, ¶¶ 3, 15-16 (public MySpace posting, without more, failed to show specific intent to harass); *with Klingel*, 2017-Ohio-1183, ¶ 19 (public Facebook posts—containing death threats directed at police—satisfied specific intent when poster wrote to "any law enforcement agent looking at my page").

### e. Political speech is not at risk and cannot be prosecuted

Over thirty-five years of Ohio precedent establishes the meaning of purposeful abuse, harassment, or threats. That authority binds interpretation of the same language in the challenged law. *See Bates*, 2015 WL 5299454, at *8 n.3. Plaintiffs have not pointed to a single example of prosecution for political speech under the challenged law or the telecommunication statute. The case law, which protects conduct having a legitimate purpose, shows that criticism of government officials is not within the scope of the challenged law. *Hawthorne*, 1989 WL 10333, at *1 (the law is "not directed at the restriction of the communication of ideas").

The law cannot be used to prosecute criticism of government officials. There is no possibility that the challenged law will be used as Plaintiffs imagine. Following the Ohio courts' narrow interpretation of the challenged law protects Plaintiffs and also is consistent with judicial restraint, federalism, and constitutional avoidance.

### 3. An Allegation of Subjective "Chill" is Insufficient for Standing

Plaintiffs' conclusory claim that the law "chills" their speech does not save their failure to demonstrate actual or imminent harm. *See Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). "[M]ere allegations of a subjective chill on protected speech are insufficient to establish an injury-in-fact for pre-enforcement standing purposes." *McKay*, 823 F.3d at 868-69. "All of the Supreme Court cases employing the concept of 'chilling effect'" for standing "involve situations in which the plaintiff has unquestionably suffered some concrete harm (past or immediately threatened) apart from the 'chill' itself." *United Presbyterian Church in the U.S.A. v. Reagan*, 738 F.2d 1375, 1378 (D.C. Cir. 1984). Claiming that a law "induce[s] self-censorship" is insufficient to establish an injury. *Adult Video*, 71 F.3d at 566. Nor is a "general fear of prosecution." *Id.*

*Grendell* is illustrative. There, an attorney argued that the Ohio Supreme Court's power to sanction for frivolous litigation caused him to "feel[] inhibited" and to "withdr[a]w from cases." 252

F.3d at 835. The court held that subjective fear—even causing one to refrain from particular action—is insufficient to "objectively establish an imminent threat that chills protected activity." *Id*.

In *Morrison*, a student sued a school district over its anti-harassment policy, claiming the policy "chill[ed] his own speech based on his perception that he would be disciplined for speaking." 521 F.3d at 610. The Sixth Circuit held there was no standing. The student, it said, "asks us . . . to find a justiciable injury where his own subjective apprehension counseled him to choose caution and where he assumed [solely on the basis of the school's policies] . . . that were he to speak, punishment would result." *Id*.

As in *Grendell* and *Morrison*, Plaintiffs fail to show (through their allegations) a credible risk that their political activities or criticism of government officials will be prosecuted under the challenged law. Their claim of "chilled" speech does not equal an actual or imminent injury.

## IV. CONCLUSION

Because Plaintiffs lack standing, the Court should dismiss their Complaint.

    Respectfully submitted,

    MIKE DeWINE
    Ohio Attorney General

    *s/ Steven T. Voigt*
    STEVEN T. VOIGT (0092879)
    Principal Assistant Attorney General
    ZACHERY P. KELLER (0086930)
    Associate Assistant Attorney General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215
    Tel: (614) 466-2872; Fax: (614) 728-7592
    steven.voigt@ohioattorneygeneral.gov
    zachery.keller@ohioattorneygeneral.gov

    *Counsel for Defendant*
    *Ohio Attorney General Mike DeWine*

*s/ Nick A. Soulas, Jr. (consent)*
NICK A. SOULAS, JR. (0062166)
Office of the Prosecuting Attorney
Franklin County
373 South High Street, 14th Floor
Columbus, Ohio 43215
Tel: 614-525-3520 | Fax: 614-525-6012
nasoulas@franklincountyohio.gov

*Counsel for Defendant Franklin County Prosecutor Ron O'Brien*

*s/ Denise L. Smith (consent)*
DENISE L. SMITH (0017811)
Office of the Prosecuting Attorney
Portage County
241 South Chestnut Street
Ravenna, OH 44266
Tel: 330-297-3850 | Fax: 330-297-4594
dsmith@portageco.com

*Counsel for Defendant Portage County Prosecutor Victor Vigluicci*

## CERTIFICATE OF COMPLIANCE

This Memorandum in Support of Motion to Dismiss adheres to the twenty (20) page limitation of Ohio Rules of Court, Federal District Courts, Local Rule 7.1, for administrative, standard and unassigned cases.

*s/ Steven T. Voigt*
STEVEN T. VOIGT (0092879)
Principal Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2017, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not entered their appearance via the electronic system.

*s/ Steven T. Voigt*
STEVEN T. VOIGT (0092879)
Principal Assistant Attorney General